IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY L. HUFF, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-CV-659-TCK-SH |
| TIME LOGISTICS, INC., an Illinois Corporation, a/k/a OLD BRIDGE; MILE MILOSAVLJEVIC, PREDRAG MARIC, and OLIVERA ANTONIJEVIC, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are the Motion to Dismiss Plaintiff's Direct Negligence Claims filed by defendant Time Logistics, Inc. ("Time Logistics") and the Motion to Dismiss Plaintiff's Direct Negligence Claims filed by defendants Predrag Maric ("Maric") and Olivera Antonijevic ("Antonijevic"). Docs. 10, 11. Plaintiff Jimmy L. Huff, II ("Huff") opposes both motions. Docs. 14, 15.

This action arises from a February 1, 2020 collision between two semi-trucks on Interstate 44 near Miami in Ottawa County, Oklahoma. Plaintiff Huff sued the driver of the other truck—Milo Milosavljevic ("Milosavljevic); the company Milosavljevic works for, Time Logistics, Inc.; and the president and vice president of Time Logistics Inc., Predrag Maric and Olivera Antonijevic, Doc. 2. The Complaint asserts a direct claim for negligence against Milosavljevic. *Id.* at ¶11(a)-(e). It also asserts a claim against Time Logistics, Maric and Antonijevic for alleged negligence in hiring, screening, retaining, training and inadequately insuring Milosavljevic. *Id.* at ¶11(f)-13. Plaintiff seeks both actual and punitive damages against all defendants. *Id.* at ¶13.

Defendant Milosavljevic filed an Answer and Defense to the Complaint on February 16, 2021. Doc. 9. In his answer, he admitted that he was driving and was acting within the course and scope of his employment with Time Logistics. *Id.* at 2, Answers to Paragraphs 9-10 of Plaintiff's Complaint. He denied the allegations that he was negligent, that Time Logistics, Maric and /or Antonijevic were negligent in hiring, training, instructing or adequately insuring him or in entrusting the vehicle to him. *Id.* at 2-3.

In their Motions to Dismiss, Time Logistics, Maric and Antonijevic also stipulate that Milosavljevic was acting within the scope of his employment, and they argue that the Complaint fails to state any viable claim for direct negligence against them. Docs. 10-11.[1]

**I. Applicable Law**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief

---

1 In its motion, Defendant Time Logistics states that it "presumes the allegation of employer-employee relationship for purposes of this motion and that "it has also, by way of separate answer, specifically admitted the same," and acknowledges that Defendant Milosavljevic has admitted course and scope and employer-employee relationship in his answer. *Id.* at n. 2

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted).  For the purpose of making the dismissal determination, a court must accept as true all the well-pleaded allegations, even if doubtful in fact, and must construct the allegations in the light most favorable to the claimant.  *Id.* at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 120, 1215 (10th Cir. 2007); *Moffett v. Haliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).

### II. Allegations of the Complaint

Plaintiff is a citizen of the State of Oklahoma. Time Logistics, Inc. is a foreign corporation organized and existing under the laws of the State of Illinois, with its principal place of business in a state other than Oklahoma, but at all times material, doing business in the State of Oklahoma. Milosavljevic is, on information and belief, a resident of Chicago, Illinois and/or a resident of Canada. Doc. 2, Complaint, ¶¶1-5.

On or about February 1, 2020, Plaintiff was driving a semi-truck and trailer westbound on I-44 and had stopped in the outside lane near Miami in Ottawa County. *Id.*, ¶8.  A semi-truck and trailer being driven by Milosavljevic, and registered to Time Logistics Inc., was also traveling westbound on I-44 at an excessive and unsafe speed, and collided with the semi-truck and trailer driven by Plaintiff, causing severe personal injuries to Plaintiff.  *Id.*, ¶¶9-10.  Plaintiff's injuries were the direct and proximate result of the negligence of Milosavljevic, individually and as an agent, servant and/or employee of Time Logistics, Inc.  *Id.*, ¶11.

Defendants Time Logistics, Maric and Antonijevic negligently hired, screen, retained, trained, instructed or [in]adequately insured Milosavljevic. *Id.*, ¶12.  At the time of the collision, Maric and Antonijevic "exercised significant power and control over Time Logistics, Inc. and Milosavljevic" on February 1, 2020, and prior thereto, including the employment and training of

Milosavljevic. *Id.* Defendants Time Logistics, Inc., and/or Predrag Maric and Olivera Antonijevic negligently hired, screened, retained, trained, instructed or adequately insured Milosavljevic with regard to the operation of its motor vehicle and his required compliance with both state and federal laws, including the FMCSA regulations. *Id.*, ¶12. Defendants Time Logistics, Inc., and/or Predrag Maric and Olivera Antonijevic therefore negligently entrusted their vehicle to Milosavljevic, and were individually negligent in contributing to the cause of the collision and Plaintiff's injuries. *Id.*

The actions of the defendants were intentional, willful, wanton, grossly negligent and reckless, without regard to the safety of the community as a whole and/or Plaintiff, in particular, and entitle Plaintiff to an award of punitive damages. *Id.*, ¶13.

As a result of Defendants' negligence, Plaintiff suffered serious physical injuries which are permanent, painful and progressive. *Id.*, ¶14. As a result of the injuries, he has incurred and will incur future medical expenses, lost wages, and reduced earning capacity, and he has endured and will endure physical and mental pain and suffering; will be permanently disabled/impaired and disfigured, and has been damaged in an aggregate sum in an amount in excess of $75,000. *Id.*

Plaintiff seeks actual damages in excess of $75,000 and punitive damages in excess of $75,000. *Id.* at 5.

### III. Analysis

#### A. Time Logistics' Motion to Dismiss

Time Logistics moves for dismissal of any direct negligence claims against it independent of its admitted *respondeat superior* liability. To hold an employer responsible for the tort of an employee, the tortious act must be committed in the course of the employment and within the scope of the employee's authority. *Baker v. Saint Francis Hosp.*, 126 P.3d 604, 605 (Okla. 2005). Once these elements have been established, a finding that the employee was, in fact,

4

negligent establishes liability against both the employee and the employer. *Hill v. McQueen*, 230 P.2d 483, 484 (Okla. 1951). Additionally, a finding of *respondeat superior* may also bind the employer to any punitive damages assessed against the employee. *Jordan v. Cates*, 935 P.2d 289, 292 (Okla. 1997).

Plaintiff also, however, seeks to hold Time Logistics liable on a theory of negligent hiring, training and retention. The Oklahoma Supreme Court directly addressed the viability of such a theory in *Jordan v. Cates*, 935 P.2d 289, 292 (Okla. 1977). In *Jordan*, a store customer sued the employer and its employee, Cates, who had gotten into a physical altercation with the plaintiff at the store. Although the store stipulated that Cates was acting within the scope of his employment when he got into the altercation with the plaintiff, the customer asserted claims for both *respondeat superior* liability and for negligent hiring and retention of Cates. The trial court granted summary judgment on the negligent hiring-and-retention claim. On appeal, the Oklahoma Court of Civil Appeals reversed the trial court's dismissal of the negligent hiring-and-retention claim. The employer appealed, and the Supreme Court reversed the appellate court. In so ruling, it held that because the store had stipulated the altercation took place during the course of the employee's employment, and the doctrine of *respondeat superior* would permit recovery of both actual and punitive damages against the store, the theory of negligent hiring was superfluous because it "imposes no further liability on an employer." *Id.* at 293.

Here, as in *Jordon*, the employer—Time Logistics—has stipulated that Milosavljevic was acting within the scope of his employment at the time of the accident. Accordingly, if the jury finds in favor of Plaintiff, Time Logistics may be held liable for any damages awarded as a result of the alleged negligence of Milosavljevic.

5

Accordingly, Time Logistics' Motion to Dismiss Plaintiff's direct negligence claims as superfluous (Doc. 10) is granted.

### B. Maric and Antonijevic's Motion to Dismiss

Under Oklahoma law, the general rule is that shareholders, directors and officers of a corporation are not personally liable to third persons for corporate acts and debts. *See Seitsinger v. Dockum Pontiac, Inc.*, 894 P.2d 1077, 1079-80 (Okla.1995) ("The general rule is that the individual and the corporation are two separate and distinct entities," and "[t]he distinction is not ignored unless it can be shown that there is a scheme to defraud.").

In order to pierce the corporate veil and impose liability on corporate officers, a plaintiff must show: "(1) a unity of interest and ownership that causes the separate personalities of the corporation and the individual to no longer exist; and (2) the presence of circumstances under which adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice or promote inequitable consequences." *Jacobsen*, *supra*. *See also, Hulme v. Springfield Life Ins. Co., Inc.*, 565 P.2d 666, 67) (Okla. 1977).

Plaintiff has presented no allegations supporting a piercing of Time Logistics' corporate veil and imposition of individual liability on the Defendant Owners. The Complaint's sole allegations regarding the individual defendants are that they "exercised significant power and control over Time Logistics, Inc. and Milosavljevic," and that they "negligently hired, screened, retained, trained, instructed or [in]adequately insured Milosavljevic." Doc. 2 at ¶¶11f, 12. However, as the Supreme Court of Illinois has observed, "a corporation can only act through its offices, agents or servants." *Trust Co. of Chicago v. Sutherland Hotel Co.* 58 N.E.2d 860, 863 (Illinois Supreme Court, 1945). Additionally, this allegation—which is included in the numerical paragraph relating to Defendant Milosavljevic's claimed negligence—appears to be nothing more

than an attempt to place vicarious liability on the defendant owners for Milosavljevic's claims negligence. It fails, however, to support a conclusion that any act of Maric or Antonijevic independent of Defendant Time Logistics caused the accident.

### IV. Conclusion

For the foregoing reasons, the Motion to Dismiss of Time Logistics and the Motion to Dismiss filed by Maric and Antonijevic (Docs. 10, 11) are both granted.

ENTERED this 2nd day of September, 2021.

**TERENCE KERN**
**United States District Judge**